THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. <u>24-1639</u> |
| v. | : | |
| UNITED STATES POSTAL SERVICE, | : | |
| and | : | |
| ANTHONY HARRIS, an individual, | : | |
| and | : | |
| ANTHONY BATTLES, an individual | : | DEMAND FOR JURY |
| | : | |
| Defendants. | | |

## **COMPLAINT**

Plaintiff, Julie Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin Defendant United States Postal Service ("USPS"), Defendant Anthony Harris, and Defendant Anthony Battles (collectively "Defendants") from violating the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678 ("Act"), for a judgment against Defendants for: back wage losses suffered by Complainant Janie Walker ("Walker") together with pre- and post- judgment interest thereon; all other compensatory damages suffered by Walker; punitive damages; reinstatement; and for all other appropriate relief.

## Parties

1. The Secretary is authorized to bring this action against Defendants pursuant to Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

2. At all relevant times, Defendant USPS was a business operated by the federal government with a place of business located at 1001 California Ave, Room 1002, Pittsburgh, PA 15290.

3. At all relevant times, Defendant Anthony Harris was the Transportation Operations Supervisor for the USPS facility located at 1001 California Ave, Room 1002, Pittsburgh, PA 15290.

4. At all relevant times, Defendant Anthony Battles was the Head of Transportation for the USPS facility located at 1001 California Ave, Room 1002, Pittsburgh, PA 15290.

## Jurisdiction and Venue

5. Venue with respect to this action lies in the United States District Court for the Western District because: Defendant USPS is located in Pittsburgh, PA, 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2); and all events or omissions giving rise to the claim occurred in Pittsburgh, PA, 28 U.S.C. §§ 1391(b)(2).

6. At all relevant times, Defendant USPS was a "person" within the meaning of Sections 3(4) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(4) and 660(c)(1), because it is a government agency, it is an "organized group of persons".

7. At all relevant times, Defendant USPS was an "employer" within the meaning of Section 3(5) of the Act, 29 U.S.C. § 652(5), because it is a "person" engaged in a business affecting trade, traffic, commerce, transportation, or communication

between the Commonwealth of Pennsylvania and states outside of the Commonwealth that has employees.

8. At all relevant times, Anthony Harris was a "person" within the meaning of Sections 3(4) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(4) and 660(c)(1), because he is an individual.

9. At all relevant times, Anthony Battles was a "person" within the meaning of Sections 3(4) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(4) and 660(c)(1), because he is an individual.

10. At all relevant times, Complainant Janie Walker was an "employee" within the meaning of Sections 3(6) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(6) and 660(c)(1), because she was employed by Defendant USPS's contractor Red Diamond Trucking ("RDT").

## General Allegations

11. At all times relevant hereto, Defendants operated a sorting facility located in Pittsburgh, PA that participates in the processing and delivering of mail.

12. Defendants contract with RDT for the transportation of bulk mail in the Pittsburgh, PA area.

13. Complainant Walker was hired by RDT in September 2006. Her duties included delivering mail from the sorting facility located at 1001 California Ave Pittsburgh, PA ("Pittsburgh Post Office") to the Post Office located at 600 McKean Avenue Charleroi, PA ("Charleroi Post Office"). Walker worked as a placement driver, filling in when needed. Her work hours averaged between twenty to forty hours per week.

3

14. On October 15, 2022, Walker was delivering mail to the Charleroi Post Office. During that delivery, the All-Purpose Container ("APC") she was using got caught on a damaged lift. Then, the stuck APC almost fell back on Walker as she tried to pull it off the truck.

15. Following that incident, Walker informed the Postmaster at the Charleroi Post Office of the problem and he said he would address the issue.

16. Walker started transferring mail from the APCs into two hampers because the hampers are half the weight of the APC and are safer to push off the truck with the damaged lift.

17. On October 22, 2022, Walker arrived at the Pittsburgh Post Office to pick up the mail for transport but her usual loading dock with the hampers was not available.

18. Walker pulled into dock #23. She did not see any hampers in the area to transfer the mail, so she asked a colleague whether she could retrieve a few hampers to use. The colleague returned to Walker with Defendant Anthony Harris ("Harris").

19. Harris asked Walker if she was refusing to transport the mail. Walker informed him of the broken lift at the Charleroi Post Office and the need to put the mail in two bins instead of an APC. Harris continued to state that Walker was refusing to transport the mail.

20. Harris yelled at Walker that she had to take the mail in the way that it was sorted and became argumentative. During this exchange, Harris falsely claimed to be Postal Police, falsely claimed to be superior to Walker's supervisor at RDT, and told Walker she was fired.

21. Harris demanded Walker hand over her badge and contacted the Postal Police. When the Postal Police arrived, Harris told them that they did not need to speak with Walker because he was in charge. At Harris' direction, the Postal Police removed Walker's badge and escorted her off the premises. The Postal Police provided the badge to Defendant Anthony Battles ("Battles").

22. At no time did Walker refuse to transport the mail

23. Robert Traupman ("Traupman"), Walker's supervisor at RDT, contacted Battles and requested Walker's badge be returned. Battles relayed to Traupman that he was keeping Walker's badge to "teach a lesson".

24. Walker's badge was not returned for approximately six weeks. During that time, she was unable to work the USPS contract for RDT.

25. Walker filed a complaint with OSHA on October 27, 2022, alleging retaliation under the Act.

26. Walker was laid off in June 2023 along with her son, husband, and immediate supervisor. Walker was informed that USPS cut some of their contracts.

27. Walker has not been rehired or placed at another location at this time.

28. Walker engaged in protected activities when she reported the APC was dangerous to transport due to the broken lift at Charleroi on multiple occasions between October 15, 2022, and October 22, 2022.

29. Defendants violated Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1), because Defendants withheld Walker's badge and prevented her ability to work for approximately six weeks in retaliation for engaging in activities that are protected under

the Act. Further, Defendants engaged in actions that intimidated, embarrassed and/or humiliated Walker.

30. On November 15, 2022, Defendants received notice that Walker had filed a Section 11(c) complaint.

31. The Secretary investigated said complaint in accordance with Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2), and determined that Defendants had violated Section 11(c) of the Act.

## Violations of the Act

32. The Secretary incorporates by reference paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Walker's activities described in paragraphs 15, 18, and 19 represent the exercise of rights afforded by the Act and constitute activities that are protected by the Act.

34. Defendants' actions described in paragraphs 19, 20, 21, 23 and 24 were taken because Walker exercised rights and engaged in activities protected by the Act. Thus, Defendants' actions violated Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

35. Defendants delivered Walker's badge to her approximately six weeks later but have not compensated her for wages lost as a result of her inability to work, in continuing violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

## Relief Sought

WHEREFORE, cause having been shown, the Secretary requests a trial by jury, and further prays for judgment:

a. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from violating the provisions of Section 11(c) of the Act;

b. Ordering Defendants to pay damages to Walker for lost wages that resulted from her termination, and prejudgment and post-judgment interest thereon, as authorized by Section 11(c) of the Act;

c. Ordering Defendants to pay Walker damages for emotional distress, pain and suffering, and all other expenses she incurred as a result of Defendants' unlawful actions;

d. Ordering Defendants to pay Walker an appropriate amount of punitive damages;

e. Ordering Defendants to reinstate Walker to the employment position from which she was terminated;

f. Ordering Defendants to post in a conspicuous place in the facility for a period of not less than sixty days a copy of the decree entered in this case and a notice that Defendants will not discriminate against any employee for engaging in activities protected by Section 11(c) of the Act;

g. Ordering Defendants to compensate the Secretary for all costs incurred in this litigation; and

h. Ordering all other appropriate relief the Court deems appropriate, including reinstatement.

Respectfully submitted,

Seema Nanda
Solicitor of Labor

Samantha N. Thomas
Regional Solicitor

Channah S. Broyde
Associate Regional Solicitor


/s/ Alexander E. Gosfield
Alexander E. Gosfield
Senior Trial Attorney
PA Bar ID No. 209537
Pro Hac Vice Pending

/s/Matthew R. Epstein
Matthew R. Epstein
Regional Counsel for OSHA
PA Bar ID No. 209387
U.S. Department of Labor
1835 Market Street, Mailstop SOL/22
Philadelphia, PA 19103-2968
(215) 861-5122
gosfield.alexander.e@dol.gov
epstein.matthew.r@dol.gov
zzsol-phi-docket@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

December 3, 2024